THE STATE, EX REL. SPECK, APPELLEE, *v.* THE BOARD OF ELECTIONS OF LICKING COUNTY ET AL.; CELEBREZZE, JR., SECY. OF STATE, APPELLANT.

[Cite as State, ex rel. Speck, *v.* Bd. of Elections (1982), 1 Ohio St. 3d 275.]

(No. 82-892—Decided September 15, 1982.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. John W. Zeiger, Mr. Clifford O. Arnebeck, Jr.,* and *Mr. Mark S. Coco,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin,* for appellant.

*Per Curiam.* The determinative issue presented is whether any question as to Sam Speck's satisfaction of the residency requirement which affected the propriety of the placement of his name on the June 8th Republican primary ballot is moot as to the Secretary of State.

The facts of this case clearly demonstrate that the need for intercession by the Secretary of State and further hearing was obviated by the actions of the Licking County Board of Elections. It is undisputed that on March 31, 1982, the board of elections was divided by a 2-to-2 vote on the issue of the validity of Speck's declaration of candidacy and petition. At this point, the board, in accordance with R.C. 3501.11, properly referred the matter to the Secretary of State in order that he could cast the tie-breaking vote.

Before the Secretary of State cast this deciding vote, however, the board, on April 13, 1982, voted again, and certified Speck's petition as valid by a 3-0 vote. Since R.C. 3513.05 empowers the board of elections to certify candidates and R.C. 3501.11 authorizes the Secretary of State to become involved in the process only if there is a tie vote, this 3-0 vote of the board certifying Speck's declaration of candidacy and petition divested the Secretary of State of any role in this cause.

For this reason, we affirm the judgment of the Court of Appeals in dismissing the appeal.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.